UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------

ERIC WILSON,

                    Plaintiff,

       v.

PAROLE OFFICER J. CELESTIN, PAROLE
OFFICER R. CHUNG and DIVISION OF
PAROLE,

                    Defendants.
---------------------------------------------------------------

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
17-CV-5592 (MKB)

MARGO K. BRODIE, United States District Judge:

Plaintiff Eric Wilson, proceeding *pro se*, commenced the above-captioned action under 42 U.S.C. § 1983 on September 22, 2017 while incarcerated on Rikers Island,[1] against Defendants Parole Officers J. Celestin and R. Chung[2] and the New York State Department of Corrections and Community Supervision ("DOCCS").[3] (Compl. at 2, Docket Entry No. 1.)[4] Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. For the

---

[1] By letter dated September 17, 2017, Plaintiff notified the Court that he expected to be released from Rikers Island on September 26, 2017. (Pl. Not. of Change of Address, Docket Entry No. 5.)

[2] The Complaint does not specify the first names of Defendants Celestin and Chung.

[3] The Complaint names "Division of Parole, Parole Supervision" as a defendant in this action. (Compl. at 3, Docket Entry No. 1.) In 2011, the New York State Department of Correctional Services merged with the New York Division of Parole to form one agency, the New York State Department of Corrections and Community Supervision ("DOCCS"). *See Horace v. Gibbs*, No. 14-CV-0655S, 2015 WL 1033089, at *3 & n.5 (W.D.N.Y. Mar. 9, 2015). The Court therefore construes Plaintiff's claim against "Division of Parole, Parole Supervision" as against DOCCS.

[4] Because the Complaint is not consecutively paginated, the Court refers to the page numbers assigned by the Electronic Case Filing ("ECF") system.

reasons set forth below, the Court dismisses Plaintiff's claim against DOCCS and Chung.

I. **Background**

The Court assumes the truth of the factual allegations in the Complaint for the purposes of this Memorandum and Order. Plaintiff alleges that on June 5, 2017, while reporting to his parole officer Celestin, he was unlawfully detained by Celestin when he refused to report to Bellevue Men's Shelter ("Bellevue Shelter"). (Compl. at 4–5.) Plaintiff alleges that he "never had a bed" at Bellevue Shelter. (*Id.* at 4.) Plaintiff further alleges that he "refuse[d] to sign the form to go to Bellevue Shelter" because "[his] approved address for [six] years" has been a residence in Queens, New York with his wife. (*Id.* at 5.) After refusing to go to Bellevue Shelter, Plaintiff was "violated by Parole Officer J. Celestin and it was approved by senior supervisor R. Chung." (*Id.* at 4.) Plaintiff was thereafter "handcuff[ed] and incarcerated." (*Id.* at 5.) Plaintiff seeks $100,000 in damages for pain and suffering. (*Id.* at 6.)

II. **Discussion**

  a. **Standard of Review**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97,

106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). In addition, if the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it . . . ." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

### b. Plaintiff's claim against DOCCS is barred by sovereign immunity

Plaintiff's claim against DOCCS is barred by sovereign immunity as guaranteed by the Eleventh Amendment. "As a general matter, states enjoy sovereign immunity from suit in federal court, even if the claim arises under federal law." *KM Enters., Inc. v. McDonald*, 518 F. App'x 12, 13 (2d Cir. 2013) (first citing U.S. Const. amend. XI; and then citing *Alden v. Maine,* 527 U.S. 706, 727–28 (1999)). States may only be sued in federal court when they have waived their sovereign immunity, Congress has acted to abrogate state sovereign immunity pursuant to Section 5 of the Fourteenth Amendment, or the plaintiff is suing a state official in his or her official capacity for prospective injunctive relief from an ongoing constitutional violation. *See* U.S. Const. amend. XI; *Va. Office for Prot. & Advocacy v. Stewart*, 564 U.S. 247, 255 (2011); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Mary Jo C. v. N.Y. State & Local*

4

*Ret. Sys.*, 707 F.3d 144, 152 (2d Cir. 2013); *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Mary Jo C.*, 707 F.3d at 152 (internal quotation marks omitted) (quoting *Woods*, 466 F.3d at 236); *see also McCloud v. Jackson*, 4 F. App'x 7, 10 (2d Cir. 2001) (stating that the Eleventh Amendment bars claims against the New York Division of Parole (citing *Jones v. N.Y. State Div. of Military & Naval Affairs*, 166 F.3d 45, 49 (2d Cir. 1999)); *Johnson v. New York*, No. 10-CV-9532, 2012 WL 335683, at *1 (S.D.N.Y. Feb. 1, 2012) ("DOCCS is an arm of the state. Consequently, plaintiff's claims against . . . DOCCS, an agency of the State of New York, are barred by the Eleventh Amendment and must be dismissed."). Plaintiff's claim against DOCCS is therefore barred by sovereign immunity and is dismissed.

    c. **Plaintiff fails to state a claim against Chung**

Plaintiff's claim against Celestin and Chung is brought under section 1983 for violation of Plaintiff's federal or constitutional rights.[5] However, the Complaint fails to state a claim against Chung because Plaintiff has not alleged facts asserting that Chung was personally involved in any violation of Plaintiff's rights.

Under section 1983, individuals may bring a private cause of action against persons "acting under color of state law" to recover money damages for deprivations of their federal or constitutional rights. *Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 55 (2d Cir. 2014) (quoting 42 U.S.C. § 1983). To establish a viable section 1983 claim, a plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and that "the alleged

---

    [5] Because the Court dismisses Plaintiff's claim against Chung for lack of personal involvement, the Court does not further construe at this stage the nature of Plaintiff's section 1983 claim.

deprivation was committed by a person acting under color of state law." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (citations and internal quotation marks omitted).

It is well established that "[a] defendant's supervisory authority is insufficient in itself to demonstrate liability under § 1983." *LaMagna v. Brown*, 474 F. App'x 788, 789 (2d Cir. 2012) (citing *Richardson v. Goord,* 347 F.3d 431, 435 (2d Cir. 2003)); *Richardson*, 347 F.3d at 435 ("[M]ere linkage in the prison chain of command is insufficient to implicate a state commissioner of corrections or a prison superintendent in a § 1983 claim." (citations and internal quotation marks omitted)). Instead, "to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013) (collecting cases). As the Second Circuit has stated, a supervisory defendant's personal involvement can be shown by evidence that:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Id.* at 139 (emphasis omitted) (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)).

Here, Plaintiff has alleged that Celestin's unlawful conduct was "approved by senior supervisor R. Chung." (*Id.* at 4.) With regard to the first *Colon* factor, the Court recognizes Second Circuit precedent holding that "a 'direct participant' includes a person who authorizes, orders, or helps others to do the unlawful acts, even if he or she does not commit the acts

6

personally." *Terebesi v. Torreso*, 764 F.3d 217, 234 (2d Cir. 2014) (first citing *Provost v. City of Newburgh,* 262 F.3d 146, 155 (2d Cir. 2001); and then citing *Gronowski v. Spencer,* 424 F.3d 285, 293–94 (2d Cir. 2005)). Therefore, Chung need not have personally committed a violation of Plaintiff's federal rights to be liable under section 1983 if he authorized or ordered such violation. However, the Complaint contains nothing more than the allegation that Celestin's conduct was "approved by" Chung. Without any facts further supporting Plaintiff's allegation, Plaintiff has not adequately pled that Chung was personally involved and thus liable under section 1983.[6] *See Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996) ("While the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice." (citations omitted)); *see also Provost*, 262 F.3d at 155 ("[W]hat we have meant by using phrases such as 'direct participation' as a basis of liability is personal participation by one who has knowledge of the facts that rendered the conduct illegal." (citation omitted)); *Holland v. City of N.Y.*, No. 14-CV-5517, 2016 WL 3636249, at *13 (S.D.N.Y. 2016) ("Conclusory accusations regarding a defendant's personal involvement in the alleged violation, standing alone, are not sufficient, and supervisors cannot be held liable based solely on the alleged misconduct of their subordinates." (quoting *Kee v. Hasty*, No. 01-CV-2123, 2004 WL 807071, at *12 (S.D.N.Y. Apr. 14, 2004))); *Murphy v. Goord*, 445 F. Supp. 2d 261, 264 (W.D.N.Y. 2006) (dismissing a claim based on allegations that an assault "was directed and/or tolerated, and/or encouraged by the wrongful practices of defendants" because "[i]f that were sufficient to state a claim, 'supervisory officials would automatically be subject to suit (if not liability) every time one of their subordinates committed a constitutional violation.'" (citing *Houghton v. Cardone*, 295 F. Supp. 2d 268, 276

---

[6] In addition to the lack of allegations supporting Chung's direct participation, Plaintiff does not plead facts suggesting that any of the other factors noted in *Colon v. Coughlin*, discussed *supra* at 6, apply to establish Chung's personal involvement.

(W.D.N.Y. 2003))); *Davis v. Cty. of Nassau*, 355 F. Supp. 2d 668, 677 (E.D.N.Y. 2005) ("A complaint that essentially regurgitates the relevant 'personal involvement' standard without offering any facts indicating that, or how, an individual in a supervisory role was personally involved in a constitutional violation, cannot withstand dismissal.").

### III. Conclusion

Plaintiff's claim against DOCCS and Chung is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). No summons shall issue against these defendants and the Clerk of Court is directed to terminate them from the docket. Plaintiff's claim against Celestin shall proceed. The Clerk of Court is directed to issue a summons against Celestin and the United States Marshal Service is directed to serve the summons and Complaint on Celestin without prepayment of fees. The Clerk of Court shall mail a courtesy copy of this Memorandum and Order along with the summons and Complaint to the New York State Attorney General.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: May 18, 2018
      Brooklyn, New York