UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

ERIC WILSON,

                Plaintiff,

      v.

PAROLE OFFICER JENNIFER CELESTIN,

                Defendant.

---------------------------------------------------------------

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
17-CV-5592 (MKB)

MARGO K. BRODIE, United States District Judge:

      Plaintiff Eric Wilson, proceeding *pro se*, commenced the above-captioned action on September 22, 2017 while incarcerated on Rikers Island,[1] against Defendants Parole Officers J. Celestin and R. Chung[2] and the New York State Department of Corrections and Community Supervision ("DOCCS"), pursuant to 42 U.S.C. § 1983. (Compl. 2, Docket Entry No. 1.)[3] By Memorandum and Order dated May 18, 2018 (the "May 2018 Decision"), the Court dismissed Plaintiff's claims against Chung and DOCCS and allowed Plaintiff to proceed with his claims against Celestin ("Defendant"). (May 2018 Decision, Docket Entry No. 8.) Currently before the Court is Defendant's motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of

---

     [1] By letter dated September 17, 2017, Plaintiff notified the Court that he expected to be released from Rikers Island on September 26, 2017. (Pl. Not. of Change of Address, Docket Entry No. 5.) Based upon Plaintiff's address on the docket, it appears Plaintiff is no longer incarcerated.

     [2] The Complaint does not specify the full first names of Defendants Celestin and Chung; however, according to Defendant's memorandum in support of her motion to dismiss, Defendant Celestin's first name is Jennifer. (Def. Mem. in Supp. of Def. Mot. to Dismiss ("Def. Mem."), Docket Entry No. 23.)

     [3] Because the Complaint is not consecutively paginated, the Court refers to the page numbers assigned by the Electronic Case Filing ("ECF") system.

the Federal Rules of Civil Procedure. (Def. Mot. to Dismiss ("Def. Mot."), Docket Entry No. 22; Def. Mem. in Supp. of Def. Mot. ("Def. Mem."), Docket Entry No. 23.) For the reasons set forth below, the Court grants Defendant's motion.

I. **Background**

    a. **Factual background**

The Court assumes familiarity with the facts and procedural posture of this action as discussed in the May 2018 Decision, *see Wilson v. Celestin*, No. 17-CV-5592, 2018 WL 2304762, at *1 (E.D.N.Y. May 18, 2018), and provides only a summary of the pertinent facts and procedural background.[4]

Plaintiff alleges that on June 5, 2017, while reporting to Defendant, his then-parole officer, Defendant unlawfully detained him when he refused to report to Bellevue Men's Shelter ("Bellevue Shelter"). (Compl. 4–5.) Plaintiff "never had a bed" at Bellevue Shelter, and he therefore "refuse[d] to sign the form to go to Bellevue Shelter" because "[his] approved address for [six] years" had been a residence in Queens, New York, with his wife. (*Id.*) Plaintiff "never had domestic violence at [his] home [with his wife] or a restraining order from his wife." (*Id* at 5.) In response to Defendant's request that he report to Bellevue Shelter, Plaintiff told Defendant "that [he] was not going to make [himself] homeless and [he] refuse[d] to sign the form to go to Bellevue Shelter." (*Id.*) Plaintiff alleges that after he refused to go to Bellevue Shelter he was "violated by [Defendant] and it was approved by senior supervisor R. Chung." (*Id.* at 4.) Plaintiff was then "handcuff[ed] and incarcerated." (*Id.* at 5.) Plaintiff seeks $100,000 in damages for pain and suffering. (*Id.* at 6.)

---

[4] The Court assumes the truth of the factual allegations in the Complaint for the purposes of this Memorandum and Order.

### b. Procedural background

In the May 2018 Decision, the Court *sua sponte* dismissed Plaintiff's claims against Chung and DOCCS. (May 2018 Decision.) The Court found that Plaintiff's claim against DOCCS was barred by sovereign immunity because DOCCS is an agency of the State of New York and sovereign immunity under the Eleventh Amendment extends to state instrumentalities. (*Id*. at 2.) The Court also dismissed Plaintiff's claim as to Chung because Plaintiff failed to adequately plead that Chung was personally involved in the alleged section 1983 violation. (*Id*. at 3.) The Court allowed Plaintiff to proceed with his claims against Defendant. (*Id*.) Defendant filed its motion to dismiss Plaintiff's claim on September 30, 2018. (Def. Mot.) Plaintiff failed to respond.

## II. Discussion

### a. Standard of review

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint liberally, "accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018) (quoting *Chambers v. Time Warner Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)); *see also Tsirelman v. Daines*, 794 F.3d 310, 313 (2d Cir. 2015) (quoting *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997)). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs.*

*Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717–18 (2d Cir. 2013). Although all allegations contained in the complaint are assumed to be true, this principle is "inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

> **b. Plaintiff's section 1983 claim against Defendant is barred by the favorable termination rule**

Defendant argues that the Complaint "must be dismissed because [Plaintiff's claim] is barred by the favorable termination rule established by *Heck v. Humphrey*, 512 U.S. 477 (1994)." (Def. Mem. 2.) In support, Defendant asserts that *Heck* "and its progeny [establish that] a litigant cannot recover damages where 'establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction . . . unless . . . the conviction or sentence has already been invalidated' on direct appeal or by a habeas corpus petition." (*Id.* (quoting *Heck*, 512 U.S. at 487).) Defendant argues that because Plaintiff has not alleged that his incarceration has been "invalidated on appeal or via a habeas proceeding," Plaintiff's claim is barred by the favorable termination rule. (Def. Mem. 2.)

An individual convicted of a crime may not bring a section 1983 suit for damages that "necessarily impl[ies] the invalidity of his conviction or sentence . . . unless [he] can demonstrate

4

that the conviction or sentence has already been invalidated."[5] *Heck*, 512 U.S. at 487; *Shapard v. Attea*, 710 F. App'x 15, 17 (2d Cir. 2017); *Warren v. Fischl*, 674 F. App'x 71, 73 (2d Cir. 2017); *see also Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (discussing that plaintiffs may seek damages for "'wrong procedures, [but] not for reaching the wrong result,' [so long as that] procedural defect did not 'necessarily imply the invalidity of' the revocation" (quoting *Heck*, 512 U.S. at 482–83, 487)). *Heck*'s limitation of section 1983 claims is known as the "favorable termination" rule. *See Victory v. Pataki*, 632 F. App'x 41, 44 (2d Cir. 2016). A plaintiff challenging his arrest must therefore abide by the "favorable termination requirement," *i.e.*, demonstrate that his conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87. Plaintiff cannot assert a claim for damages against Defendant pursuant to section 1983 because his claim is barred by the favorable termination rule. Plaintiff states that he was "violated" by Defendant when he was unlawfully detained after his parole meeting with Defendant on June 5, 2017. (Compl. 3.) Essentially, Plaintiff claims that Defendant engaged in misconduct by having Plaintiff incarcerated for not going to the Bellevue Shelter. Because Plaintiff does not allege that his parole revocation has been reversed, declared invalid, or called into question by the issuance

---

[5] In *Heck*, the United States Supreme Court held:
> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

5

of a writ of habeas corpus, Plaintiff cannot assert a section 1983 claim seeking damages against Defendant.[6] *See Miner v. Goord*, 354 F. App'x 489, 491 (2d Cir. 2009) (noting that "the favorable termination rule applies to § 1983 claims regarding parole revocations," but finding that the doctrine was not implicated on the facts of the case); *see also Brannon v. 73rd Precinct*, No. 15-CV-0072, 2016 WL 8711204, at *2 (E.D.N.Y. Apr. 15, 2016) ("[P]laintiff's 42 U.S.C. § 1983 claim regarding the revocation of his parole is barred by *Heck* because his parole revocation has not been reversed, expunged, or declared invalid." (citation omitted)).

---

[6] Although there is substantial dispute as to the applicability of *Heck*'s favorable termination requirement to an individual who is not "in custody" within the meaning of habeas under federal law, or otherwise cannot obtain federal habeas relief, *see Kroemer v. Tantillo*, No. 17-CV-67, 2017 WL 6409147, at *7 n.10 (W.D.N.Y. June 16, 2017) ("[T]here is a deep circuit split as to the applicability of *Heck* when the plaintiff is no longer in custody." (citing *Teichman v. New York*, 769 F.3d 821, 828 (2d Cir. 2014) (Calabresi, J., concurring)), Plaintiff was in custody at the time he commenced this action, (*see* Compl.). Plaintiff filed his Complaint on September 22, 2017 while incarcerated at Riker's Island. (*Id.*) Although the Second Circuit has not opined on this issue, several courts in the Second Circuit have held that the *Heck* favorable termination rule applies to a plaintiff's section 1983 claims so long as the plaintiff was in prison at the time the section 1983 action was commenced. *See D'Angelo v. Annucci*, No. 16-CV-6459, 2017 WL 6514692, at *7 (S.D.N.Y. Dec. 19, 2017) ("The [c]ourt finds that *Heck* is applicable where [the] [p]laintiff was in DOCCS custody at the time he filed his [c]omplaint."); *see also Hamm v. Farney*, No. 13-CV-1302, 2017 WL 8894723, at *8 (N.D.N.Y. Dec. 22, 2017), *report and recommendation adopted*, 2018 WL 922149 (N.D.N.Y. Feb. 16, 2018) (applying the *Heck* doctrine to a plaintiff's claims where the plaintiff commenced the action while in custody of DOCCS and was released while the case was pending); *Bonano v. Staniszewski*, No. 12-CV-5879, 2016 WL 11263168, at *7 (E.D.N.Y. Sept. 2, 2016), *report and recommendation adopted*, 2017 WL 4220402 (E.D.N.Y. Sept. 22, 2017) (same); *Hamm v. Hatcher*, No. 05-CV-503, 2009 WL 1322357, at *8 n.6 (S.D.N.Y. May 5, 2009) ("[*Heck*] applies to plaintiffs who are incarcerated at the time that they file their [section] 1983 actions, regardless of whether they are later released"); *Rolle v. Connell*, No. 05-CV-991, 2005 WL 3077474, at *3 (N.D.N.Y. Nov. 16, 2005) ("[A]lthough Plaintiff's release from incarceration might enable him to file a [section] 1983 action now . . . dismissal is still required in this case because Plaintiff was not released until *after* he filed suit."); *Gastelu v. Breslin*, No. 03-CV-1339, 2005 WL 2271933, at *4 (E.D.N.Y. Sept. 12, 2005) (finding *Heck* applicable so long as the prisoner "was still in prison when he initiated his [section] 1983 action").

Accordingly, the Court dismisses the claim without prejudice for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(iii).

## III. Conclusion

For the foregoing reasons, the Court grants Defendant's motion and dismisses the Complaint. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court shall enter judgment and close this case.

Dated: May 22, 2019
      Brooklyn, New York

                                      SO ORDERED:

                                          s/ MKB
                                      MARGO K. BRODIE
                                      United States District Judge